IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER, INC. d/b/a KENT GENERAL HOSPITAL, | § § § § | No. 607, 2016 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | C.A. No. N15C-04-228 |
| NICOLE LISOWSKI, as Next Friend of BRANDON RODRIGUEZ, JEREMIAH RODRIGUEZ, and NICHOLAS O'BRIEN, minors, and JUAN RODRIGUEZ, in his capacity as Personal Representative of the Estate of Alexis Rodriguez, | § § § § § § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: December 29, 2016
Decided: January 11, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 11th day of January 2017, having considered the notice of appeal from an interlocutory order, it appears to the Court that:

(1) The defendant below-appellant, Bayhealth Medical Center, Inc. d/b/a Kent General Hospital ("Bayhealth"), filed a notice of appeal from the Superior Court's November 30, 2016 order granting the motion for a new trial of plaintiffs

below-appellees ("New Trial Order").[1]  A New Castle County jury found that Bayhealth committed medical negligence in the care and treatment of Alexis Rodriguez, but that this negligence did not proximately cause Rodriguez's death. During deliberations, the jury asked for clarification regarding the proximate cause jury instruction.  In the New Trial Order, the Superior Court found that a sentence added to the proximate cause jury instruction over the plaintiffs' objection was not part of the pattern jury instructions as Bayhealth had represented during the pre-trial conference and made the instruction confusing to the jury in light of the evidence presented at trial.[2]  The Superior Court held the jury's confusion warranted a new trial to prevent a miscarriage of justice.[3]

(2)    Bayhealth filed an application for certification to take an interlocutory appeal of the Superior Court order granting a new trial on December 12, 2016. Lisowski filed her response in opposition on December 20, 2016.  The Superior Court denied the application for certification on December 29, 2016.[4]  Applying Supreme Court Rule 42, the Superior Court concluded that most of the Rule 42(b)(iii) criteria did not weigh in favor of certification and Bayhealth's appeal did

---

[1] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 6995365 (Del. Super. Ct. Nov. 30, 2016).
[2] *Id.* at *2-3.
[3] *Id.* at *3.
[4] *Lisowski v. Bayhealth Med. Ctr., Inc.*, 2016 WL 7477606 (Del. Super. Ct. Dec. 29, 2016).

not raise a substantial issue of material importance meriting appellate review before final judgment.[5]

(3)     Applications for interlocutory review are addressed to the sound discretion of the Court.[6]  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Id.* at *3-6.
[6] Supr. Ct. R. 42(d)(v).

3